JOHNSTON *v.* VANAMRINGE.

Trespass for false imprisonment. Plea, that the plaintiff was a fugitive from justice from *Pennsylvania*, where he stood charged with larceny on affidavit, &c.; that *Joseph Ritner*, governor of that state, demanded him of *Noah Noble*, governor of *Indiana*, and produced and delivered to governor *Noble*, with the demand, a copy of the affidavit duly certified, &c.; that the latter, accordingly, caused the plaintiff to be arrested and delivered to the defendant, who was authorized by governor *Ritner* to receive him, &c.; that the defendant used no more force than was necessary to detain the plaintiff, &c., in order to take him to *Pennsylvania*, &c. *Held*, on general demurrer, that the plea was good.

ERROR to the *Jefferson* Circuit Court.

BLACKFORD, J.—Trespass for false imprisonment. Plea, that the plaintiff was a fugitive from justice from *Pennsylvania*, where he stood charged with larceny on affidavit, &c.; that *Joseph Ritner*, governor of that state, demanded him of *Noah Noble*, governor of *Indiana*, and produced and delivered to governor *Noble*, with the demand, a copy of the affidavit .duly certified, &c.; that the latter, accordingly, caused the plaintiff to be arrested and delivered to the defendant, who was authorized by governor *Ritner* to receive him, &c.; that the defendant used no more force than was necessary to detain the plaintiff, &c. in order to take him to *Pennsylvania*, &c. General demurrer to the plea, and judgment for the defendant.

HARVARD LAW SCHOOL LIBRARY

One objection made to this plea is, that it does not show that the original affidavit of the charge, made against the plaintiff in *Pennsylvania,* was produced to governor *Noble;* but the objection is without foundation. The plea states, that a copy of the affidavit, duly certified by governor *Ritner* as authentic, was produced and delivered by him, with the demand, to governor *Noble.* That is sufficient under the act of congress. Gord. Dig. 554.

The plaintiff also objects to the plea, on the ground that, according to the plea, the warrant under which he was arrested is insufficient. This objection is untenable. The plea shows, that the demand was properly made in a case authorizing it; and that, in compliance with the demand, and under the authority of governor *Noble,* the plaintiff was regularly delivered over to the defendant, who was authorized by governor *Ritner* to receive him. The defendant had nothing to do with the warrant, under which the plaintiff was arrested. Trespass does not lie against a pound-keeper for receiving a distress, though the original taking be *tortious. Badkin* v. *Powell,* Cowper, 476. So, if the defendant in a civil suit be arrested and the officer deliver him to the gaoler, the latter is not liable for any irregularity in the arrest: the sheriff alone is liable for that. *Brandling* v. *Kent,* 1 Term Rep. 60. These decisions have some bearing on this part of the case.

There are some other objections made to the plea, but those we have noticed are the most important.

*Per Curiam.*—The judgment is affirmed with costs.

*M. G. Bright, C. Cushing,* and *T. A. Howard,* for the plaintiff.

*S. C. Stevens,* for the defendant.